UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| HILDA L. SOLIS, | ) | |
| Secretary of Labor, | ) | FILE NO. |
| United States Department of Labor, | ) | |
| | ) | 8:08-CV-2366-T-33EAJ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BUSINESS FINANCIAL SOLUTIONS, | ) | |
| INC., d/b/a ACADEMIC FINANCIAL | ) | |
| SERVICES; WAYNE MORGAN, An | ) | |
| Individual; MICHAEL MURRAY, An | ) | |
| Individual; and THE ACADEMIC FINANCIAL | ) | |
| SERVICES 401(k) SAVINGS PLAN, | ) | |
| | ) | |
| Defendants. | ) | **D E F A U L T   J U D G M E N T** |

This action was brought by Plaintiff, Secretary of Labor, United States Department of Labor, against Defendants pursuant to §§ 502(a)(2) and 502(a)(5), 29 U.S.C. §§ 1132(a)(2) and 1132 (a)(5), of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, et seq., hereinafter referred to as ERISA. The Plaintiff filed her Amended Complaint on June 25, 2009. Defendants Business Financial Solutions, Inc. d/b/a Academic Financial Services ("BFS") and Wayne Morgan were served in accordance with Rule 4 of the Federal Rules of Civil Procedure on June 26, 2009. The Clerk of Court, pursuant to Fed. R. Civ. P. 55(a), entered Default as to these Defendants on September 3, 2009. The Plaintiff has now moved for default judgment.

WHEREFORE, it is hereby ordered, adjudged, and decreed that,

A.Plaintiff's motion for default judgment (Doc. # 22) is GRANTED;

B. Defendants BFS and Morgan are hereby enjoined from violating the provisions of Title I of ERISA;

C. Defendants BFS and Morgan are hereby permanently enjoined from acting as a fiduciary, trustee, agent, or representative in any capacity to any employee benefit plan, as defined by ERISA.

D. Defendants BFS and Morgan shall make restitution to the Academic Financial Services 401(k) Savings Plan ("401(k) Plan") in the amount of $42,135.29, with post judgment interest to be assessed against any remaining unpaid balance of such amount, in accordance with 28 U.S.C. § 1961, from the date of this Judgment until paid in full. Defendant Morgan's participant interest in the 401(k) Plan, if any, shall be applied as an offset against the amount that is due to the 401(k) Plan under this Judgment.

E. Defendants BFS and Morgan shall make restitution to the Academic Financial Services Human Health Plan ("Health Plan"), Safeguard Dental Plan, and Delta Care USA Plan ("Dental Plans") in the amount of $21,619.38, with post judgment interest to be assessed against any remaining unpaid balance of such amount, in accordance with 28 U.S.C. § 1961, from the date of this Judgment until paid in full.

F. Defendants BFS and Morgan are hereby removed from any position the Defendants hold as a named or functional fiduciary to the 401(k) Savings Plan, Group Health Plan and Dental Plan ("the Plans").

G. M. Larry Lefoldt, C.P.A., is hereby appointed as the Independent Fiduciary to the Plans and:

1. The Independent Fiduciary shall collect, marshal, and administer all of the Plans' assets; evaluate all claims outstanding against them, and pay the assets out to

participants and other creditors of the Plans; and, take such further actions with respect to the Plans as may be appropriate.

2. The Independent Fiduciary shall have all the rights, duties, and responsibilities of any fiduciary or trustee described under the Plan documents or the applicable law, with respect to the Independent Fiduciary's duties.

3. The Independent Fiduciary is authorized to delegate or assign fiduciary duties as appropriate and allowed under the law.

4. The Independent Fiduciary is authorized to receive reasonable fees and expenses, payable from the assets of the Plans.

5. Defendant BFS and Morgan shall deliver or otherwise make available to the Independent Fiduciary any information, documents, files or other compilations, wherever and however stored; that are reasonably necessary to perform the duties of Independent Fiduciary.

6. The Independent Fiduciary is authorized to give instructions respecting the disposition of assets of the Plans.

7. Defendants BFS and Morgan shall be responsible for paying the Independent Fiduciary's fees with respect to services performed for the Plans by or on behalf of the Independent Fiduciary up to the limit of $5,000, upon approval of such fees by the Court.

8. The Independent Fiduciary shall submit (a) a proposed fee schedule and (b) an estimate of the total fees associated with distributing assets and terminating the Plans, to the Court for approval, with copies to all parties to this litigation within 10 days after Judgment is entered. The parties shall have ten (10) days from service to comment on the

proposed fee schedule. The fee schedule and estimate shall be considered approved if no party or the Court objects within that period.

9. The Independent Fiduciary shall file with the Court, with copies to the parties, a final bill for services to Plans. If no party or the Court objects within ten (10) days of service, payment shall be made by the Defendants to the Plans, in care of the Independent Fiduciary, within fifteen (15) days after notice to the parties is given, with post judgment interest to be assessed against any remaining unpaid balance of such amount, in accordance with 28 U.S.C. § 1961, until paid in full. If any party or the Court objects to any payment, the matter should be resolved by the Court prior to payment.

The Court, finding that there is no just reason to delay the entry of this Judgment, expressly directs the entry thereof as a final order, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

SO ORDERED this <u>4th</u> day of May, 2010.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE